Timmy J. TOWNSEND, and wife, Mary G. Townsend, Plaintiffs,

v.

AMERICAN EXCEL INSURANCE COMPANY, Defendant.

No. DC85–176–NB–D.

United States District Court, N.D. Mississippi, Delta Division.

Nov. 10, 1986.

Robert Lawson Holladay, Drew, Miss., for plaintiffs.

Robert C. Boyd, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came on for hearing on the cross-motions for summary judgment on the issue of the amount of liability coverage under an insurance policy and defendant's alternative motion for summary judgment as to the issue of punitive damages. Having considered the pleadings and the memoranda filed by the parties, and being fully advised in the premises thereof, the court is now in a position to rule on these motions.

The instant action arose from the following undisputed facts. In May, 1985, American Excel Insurance Company (American), the defendant herein, issued a Mobile Home Owner's Insurance Policy No. AMH–6981949 to the plaintiffs, Timmy J. Townsend and wife, Mary G. Townsend, effective April 26, 1985 through April 26, 1986. The policy provided coverage in the event of loss or damage to plaintiffs' mobile home. American's payment for loss was not to exceed the lowest of (1) the actual cash value of the property just prior to the loss; (2) the difference between the actual cash value just before and just after the loss; (3) the cost to repair or replace the property; or (4) the liability limit as indicated on the schedule page. The schedule page defines the applicable liability limit as "the actual cash value—not to exceed $15,000 rating base."

American then issued Mississippi Amendatory Endorsement, No. A–634909, thereby amending the liability limits provision, delineated above, to include the following language, to wit: "The payment for a total loss resulting from any hazard insured against shall be the limit of liability shown on the schedule page." Thus the policy, as amended, drew a distinction between total and partial loss for the purpose of calculating American's payment obligation.

On May 8, 1985, plaintiffs' mobile home burned and was declared a total loss. The plaintiffs promptly filed all notice of loss and all required loss documents with the defendant, whereupon the defendant tendered the sum of $7,250.00, representing the actual cash value of the home just prior to the loss, less a deductible of $250.00. The Townsends rejected the payment, asserting that a payment of $15,000.00 was owed under the terms of the insurance policy.

On June 29, 1985, plaintiffs filed the instant action claiming that they were entitled to a payment of $15,000.00 by virtue of the amendatory endorsement which, plaintiffs argue, changed the original "open" policy to a "valued" policy. Plaintiffs also contend that American's continued refusal to make payment in the amount of $15,-000.00 evinces bad faith and that plaintiffs are thus entitled to an award of punitive damages. The essential issue raised in the complaint and now presented to the court in the pending cross-motions for summary judgment is whether the amendatory endorsement created a valued policy with respect to claims for total loss.

It is plaintiffs' position that the phrase "liability limit" as used in the Liability Limits provision of the original policy, and the amended version, refers to the $15,000.00 figure stated on the schedule page and is not meant to refer also to the language immediately preceding that figure, that is, *"actual cash value not to exceed $15,000."* Plaintiffs argue that since the original policy drew a distinction between payment for loss based on actual cash value and payment for loss based on the liability limit on the schedule page, the phrase "liability limit" on the schedule page should be construed to refer solely to the $15,000.00 figure in order to avoid a redundancy. Defining "liability limit" thusly, it is argued that the amendatory endorsement's elimination of any explicit reference to payment

for total loss based on actual cash value created a valued policy with respect to total loss claims.

The court finds, however, that the policy terms clearly and unambiguously provide that in the event of a total loss the insurer will pay the limit of liability as shown on the schedule page. The appropriate section on the schedule page defines liability limit as "actual cash value not to exceed $15,000 rating base." The plaintiffs are therefore entitled to a payment equal to the actual cash value of their mobile home less a policy deductible of $250.00, for a total payment of $7,250.00. The court is therefore of the opinion that defendant's motion for summary judgment on the issue of the amount of liability coverage should be granted. Defendant's motion for summary judgment on the issue of punitive damages therefore need not be addressed.

Let an order issue accordingly.